**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

JAMES MERVIN,

       Plaintiff-Appellee,

vs.

ROBERT FURLONG, DONALD
TORNOWSKI, TREVER WILLIAMS,
CAPTAIN JARVIS, BEN GRIEGO,
ARISTEDES ZAVARAS, LARRY
NUTTER, individually and in their
official capacities,

       Defendants-Appellants.

No. 99-1135
(D.C. No. 93-N-2129)
(D.Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE** and **PORFILIO**, Circuit Judges, and **ROGERS**, Senior District
Judge.[**]

_____

Plaintiff brought this action against the defendants, correctional officers at Limon

Correctional Facility (LCF) in Limon, Colorado, pursuant to 42 U.S.C. § 1983 for alleged

violations of his rights under the Eighth Amendment to the United States Constitution.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. The court generally disfavors the citation
of orders and judgments; nevertheless, an order and judgment may be cited under the terms
and conditions of 10th Cir.R.36.3.

[**]The Honorable Richard D. Rogers, Senior United States District Judge for the
District of Kansas, sitting by designation.

Plaintiff contended that the defendants failed to protect him from a physical and sexual assault by another inmate. This is an appeal from the district court's denial of summary judgment to the defendants based on qualified immunity. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

I.

This court reviews the district court's denial of qualified immunity on summary judgment de novo. Radecki v. Barela, 146 F.3d 1227, 1229 (10th Cir. 1998). As with other summary judgment appeals, we review the evidence in the light most favorable to the nonmoving party. Id. When we review summary judgment decisions involving a qualified immunity defense, however, our review differs from other summary judgment rulings in that we must follow the analytical framework established in Siegert v. Gilley, 500 U.S. 226, 231-33 (1991). Id. First, we must determine whether the plaintiff has alleged a violation of a constitutional right. See Siegert, 500 U.S. at 231-32; Radecki, 146 F.3d at 1229. Second, we must consider whether the right allegedly implicated was clearly established at the time of the events in question. Radecki, 146 F.3d at 1229. "Whether a plaintiff has alleged conduct by a defendant that violates the Constitution and whether that prior law clearly prohibited the defendant's conduct are questions of law that we review de novo." Id.

II.

The record, when viewed in the light most favorable to the plaintiff, shows the following events. In July 1993, plaintiff was an inmate at LCF. Marvin Gray, a large and

powerful individual with a violent past, was also an inmate at that facility. Gray had previously been administratively punished in 1987 for raping another inmate.

During the latter part of July, 1993, the defendants were made aware that Gray had brutally raped another inmate at LCF. During the investigation, the defendants did not remove Gray from general population. Rather, Gray was transferred within the institution to share a cell with plaintiff. On the night of July 24th, Gray assaulted plaintiff. He choked, beat and raped him. Mervin reported the assault on the morning of July 25th and the defendants then took steps to isolate Gray.

The defendants do not contest in this appeal that the allegations made by the plaintiff establish a violation of a constitutional right. Rather, they contend only that the law concerning an inmate's right to safety in prison in 1993 was not clearly established. They argue that the law did not become clear until the Supreme Court's decision in Farmer v. Brennan, 511 U.S. 825 (1994), one year after the incident in this case.

III.

A government official is entitled to qualified immunity from civil damages when his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). When a defendant pleads qualified immunity, the plaintiff must make the following two-part showing: (1) demonstrate that the defendant's actions violated a constitutional or statutory right; and (2) show that the constitutional or statutory rights the defendant allegedly violated

3

were clearly established at the time of the conduct at issue. Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir. 1995). In order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains. Clanton v. Cooper, 129 F.3d 1147, 1156 (10th Cir. 1997). The contours of the right must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right. V-1 Oil Co. v. Means, 94 F.3d 1420, 1423 (10th Cir. 1996). This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of preexisting law the unlawfulness must be apparent. Id.

IV.

The law is well-settled that the Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). Suffering physical assaults while in prison is not "part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be objectively, "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991). For a claim like this one, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. Helling v. McKinney, 509 U.S. 25, 35 (1993). Second, the official must have acted with

4

"deliberate indifference" to inmate health or safety. Wilson, 501 U.S. at 302-03.

In Farmer, the Supreme Court clarified the "deliberate indifference" standard. The Court explicitly rejected an objective test and held that the Eighth Amendment deliberate indifference standard is subjective. Farmer, 511 U.S. at 837. A prison official who "knows of and disregards an excessive risk to inmate health or safety" is deliberately indifferent for these purposes. Id.

The arguments of the defendants fail to acknowledge two distinct lines of cases. In the prison context, the Supreme Court and other courts have established two very different standards depending upon the circumstances. In the normal prison custodial situation, courts have long applied "deliberate indifference" as the standard. See Estelle v. Gamble, 429 U.S. 97, 104, 106 (1976); accord County of Sacramento v. Lewis, 523 U.S. 833, 851 (1998). In violent disturbance or excessive force situations, courts have applied a "malicious and sadistic" standard of liability. See Whitley v. Albers, 475 U.S. 312, 320-21 (1986); accord Lewis, 523 U.S. at 852-53. The defendants have confused these differing standards and their application to the particular circumstances of the cases cited. The application of the deliberate indifference standard to the duty of prison officials to protect prisoners from each other has long been established. The fact that several cases from this Circuit addressing inmate-on-inmate violence cite Whitley rather than Estelle does not absolve the defendants from liability. These cases do *not* cite Whitley for the proposition that the "malicious and sadistic" test applies to claims involving assaults by other inmates. Instead, these cases cite

5

<u>Whitley</u> and its progeny for the proposition that "obdurate and wanton" conduct by prison officials violates the Eighth Amendment--a point that is entirely consistent with <u>Estelle</u>.

Nor does the definition of "deliberate indifference" announced by the Supreme Court in <u>Farmer</u> absolve the defendants from liability. In <u>Berry v. City of Muskogee</u>, 900 F.2d 1489 (10th Cir. 1990) we considered an Eighth Amendment claim by relatives of a prisoner who had been murdered by fellow inmates. In applying the deliberate indifference standard, we determined that a prison official acts with deliberate indifference if his conduct disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights. 900 F.2d at 1496. Contrary to the argument of the defendants, subsequent Tenth Circuit decisions did not change or confuse this standard. The Supreme Court in <u>Farmer</u> rejected this definition of "deliberate indifference." The standard adopted by the Court heightened the requirements for a finding of deliberate indifference. This subsequent change in the law does not create any confusion where the law was well-settled in the Tenth Circuit prior to it. The change in the law does not benefit the defendants where the facts support a constitutional violation under both <u>Berry</u> and <u>Farmer</u>. The definition adopted by the Court in <u>Farmer</u> created a higher standard for the plaintiff to meet. Accordingly, we do not find that the defendants were entitled to qualified immunity. The decision of the district court is **AFFIRMED**.

Entered for the Court
Richard D. Rogers
District Judge

6